UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JACK RAY SMITH,

    Petitioner,

v.                                      Case No. 5:21cv158-TKW-HTC

MARK INCH, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Jack Ray Smith, initiated this matter by filing an amended petition under 28 U.S.C. § 2254, against the Secretary of the Department of Corrections and the Attorney General of Florida, challenging his convictions in the Fourteenth Judicial Circuit Court for Washington County, Florida, cases 2004 CF 278 and 2005 CF 134. ECF Doc. 4 at 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon screening the amended petition under Rules Governing § 2254 Cases, Rule 4, the undersigned respectfully recommends the amended petition be dismissed as an unauthorized successive petition under 28 U.S.C. § 2244(b).

**I.    BACKGROUND**

Petitioner, an inmate currently incarcerated at Columbia Correctional Institution,[1] was sentenced as a habitual felony offender in two cases in Washington County: 2004 CF 278 (aggravated battery on victim 65 years or older) and 2005 CF 134 (Aggravated battery with a deadly weapon and false imprisonment).[2]

In 2004 CF 278, Petitioner entered a plea of no contest, was adjudicated guilty, and was sentenced to 5 years of probation/community control.  Petitioner, however, violated that probation, and, after an evidentiary hearing on the alleged violations, the trial court revoked his probation and sentenced Petitioner to 30 years' incarceration.

In 2005 CF 134, Petitioner was charged with one count of aggravated battery with a deadly weapon and one count of false imprisonment.  Petitioner's case went to trial, and, on July 28, 2006, the jury convicted Petitioner on both counts. The circuit court judge sentenced Petitioner to thirty (30) years for count one and five (5) years for count two to run concurrently with each other but consecutive to the sentence in 2004 CF 278.

---

[1] In the petition and amended petition, Petitioner identified his current institution as Union Correctional Institution.  However, according to the Florida Department of Corrections inmate locater, Petitioner is currently incarcerated at Columbia CI.

[2] A federal court may properly take judicial notice of state court dockets.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).  Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records.  The online docket can be found by conducting a query at the following site:  https://www.civitekflorida.com/ocrs/county/67/

## II.   LEGAL STANDARDS

Under Habeas Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

One reason for dismissal of a petition is if the petition is a second or successive application filed in the district court without first obtaining an order from the Eleventh Circuit authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing

him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Thus, under 28 U.S.C. § 2244(b)(1), a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed" as will any "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" unless the applicant shows that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.*

## III. ANALYSIS

This is Petitioner's third petition in the Northern District of Florida. The first one, delivered to prison mail officials on August 2, 2011, *Smith v. Buss*, 5:11-cv-00275-MP-GRJ (N.D. Fla.), challenged his conviction in 2004 CF 278 and raised three grounds: (1) trial court error in allowing plea and conviction based on faulty warrant, without a sworn statement, and with Petitioner being denied right to confront accuser; (2) ineffective assistance of counsel for failing to depose accuser;

and (3) ineffective assistance of counsel for failing to a obtain witness in Petitioner's favor.  Petition, ECF Doc. 1 at 4-5, *Smith v. Buss*, 5:11-cv-00275-MP-GRJ (N.D. Fla.).  The court denied the petition on the merits.  *Id.* at ECF Doc. 37 (N.D. Fla. Sept. 15, 2014) (adopting Report and Recommendation at ECF Doc. 33).

The second petition, delivered to prison mail officials on June 13, 2013, *Smith v. Secretary*, 5:13-cv-00224-WS-GRJ (N.D. Fla.), challenged his conviction in 2005 CF 134 and raised three grounds: (1) trial court error in denying Petitioner's motion for a judgment of acquittal on the aggravated battery with a deadly weapon count; (2) ineffective assistance of counsel for failing to properly convey plea offer and terms; and (3) ineffective assistance of counsel for failure to subpoena defense witnesses.  Petition, ECF Doc. 1 at 4-7, *Smith v. Secretary*, 5:13-cv-00224-WS-GRJ (N.D. Fla.).  The court denied the petition on the merits.  *Id.* at ECF Doc. 21 (N.D. Fla. March 29, 2016) (adopting Report and Recommendation at ECF Doc. 17).

The instant amended petition purports to challenge the convictions in both those Washington County cases.  See ECF Doc. 4 at 1 (listing "05-134-CF; 04-278 CF" as the "judgment of conviction or sentence under attack").  In the amended petition, Petitioner raises four grounds: Ground 1: he was convicted of a non-existent crime in 2005 CF 134 because he was charged with aggravated battery with a deadly weapon and bleach is not a deadly weapon; Grounds 2 and 3: simultaneous convictions for kidnapping and false imprisonment violate the Double Jeopardy clause; Ground 4: the written enhancement for habitual felony offender (which

enhancement was applied in both cases) violated Petitioner's rights under the Due Process Clause. ECF Doc. 4 at 9-15. Since these claims involve the same judgments and convictions which were previously the bases of the 2254 petitions, the instant petition is a successive petition.

Therefore, Petitioner must first seek authorization from the Eleventh Circuit before filing the petition in this Court, even if he feels that his amended petition fits the exceptions in 28 U.S.C. § 2244(b)(2) (i.e., he feels it is based on retroactively applicable new law or newly discovered evidence). *See* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Because Petitioner has not sought such authorization, this Court lacks jurisdiction to hear this matter and must dismiss the case. *Burton*, 549 U.S. at 157 (2007); *Fugate*, 301 F.3d at 1288.

## IV. CONCLUSION

### A. *Sua Sponte* Dismissal Is Appropriate Since the Report and Recommendation Provides Notice and an Opportunity to Be Heard

A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition

where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)).

This Report and Recommendation provides Smith an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to respond. *Paez*, 947 F.3d at 649 (the petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

B.   **An Evidentiary Hearing Is Not Warranted**

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, whether Smith's petition is successive

does not turn on any contested factual issue. Therefore, an evidentiary hearing would not assist in entitling him to relief and is not warranted.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No. 5:21cv158-TKW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition, ECF Doc. 4, be DISMISSED under Habeas Rule 4.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 7th day of October, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:21cv158-TKW-HTC